UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VONELL LAVELL SHAW,

          Plaintiff,

      v.                                          Case No. 24-cv-1029-bhl

TONYA RAZMARYNOSKI,
PEYTON EINERSON, and
JOE KAWALSKI,

          Defendants.

---

## SCREENING ORDER

---

    Plaintiff Vonell Lavell Shaw, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On October 24, 2024, Shaw filed a motion to correct the Defendants' names. The Court will deny that motion as moot because, about a week later, on November 1, 2024, Shaw filed an amended complaint, which Fed. R. Civ. P 15 allows him to do once without the Court's permission. This matter comes before the Court on Shaw's motion for leave to proceed without prepaying the full filing fee and to screen the amended complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Shaw has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Shaw has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial

partial filing fee of $1.33. Shaw's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

2

Case 2:24-cv-01029-BHL    Filed 11/19/24    Page 2 of 6    Document 15

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Shaw, on June 28, 2024, Defendant Security Supervisor Captain Tonya Razmarynoski and Defendant Peyton Einerson did not intervene when he repeatedly banged his head against his door in an effort to harm himself. He asserts that both of them walked away and left him unattended. At some point, Shaw was allegedly placed in a restraint bed, at which time he was medically assessed by Defendant Nurse Joe Kawalski. Shaw asserts that Kawalski noted bruising and a contusion on Shaw's forehead. Shaw states that he continues to experience headaches and migraines for which he has been prescribed medication. He also asserts that he was diagnosed with a possible concussion.

## THE COURT'S ANALYSIS

Prison officials violate the Eighth Amendment if they are aware of an objectively serious risk of harm to an inmate and knowingly or recklessly disregard it. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994). Notwithstanding the fact that deliberately causing harm to oneself would normally constitute a superseding or intervening cause of injury, *see Taylor v. Wausau Underwriters Ins. Co*., 423 F. Supp. 2d 882, 888–89, 900 (E.D. Wis. 2006), the duty imposed on prison officials extends to protecting inmates from imminent threats of serious self-harm, and the "obligation to intervene covers self-destructive behaviors up to and including suicide." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 349 (7th Cir. 2018). In light of the foregoing legal standard, Shaw may proceed on a deliberate indifference claim against Razmarynoski and Einerson based on allegations that they disregarded the serious risk of harm that Shaw posed to himself.

Shaw does not, however, state a claim against Nurse Kawalski who examined Shaw after he was placed in the restraint bed. According to Shaw, Kawalski examined him and noted his injuries, which consisted only of bruising and abrasions to his forehead. It is not clear what else Shaw thinks Kawalski should have done, but nothing suggests that Shaw needed emergency or immediate care, so the Court cannot reasonably infer that Kawalski recklessly disregarded a substantial risk to Shaw's health immediately after Shaw was restrained because of his apparent inability to control himself.

**IT IS THEREFORE ORDERED** that Shaw's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Shaw's motion to correct the names of the Defendants (Dkt. No. 13) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Shaw fails to state a claim against Joe Kawalski, so the clerk's office is directed to terminate him from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Shaw's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Tonya Razmarynoski and Peyton Einerson.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Tonya Razmarynoski and Peyton Einerson shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Shaw is located.

**IT IS FURTHER ORDERED** that the agency having custody of Shaw shall collect from his institution trust account the $348.67 balance of the filing fee by collecting monthly payments from Shaw's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Shaw is transferred to another institution, the transferring institution shall forward a copy of this Order along with Shaw's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Shaw is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on November 19, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge