UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VONELL LAVELL SHAW,

        Plaintiff,

       v.                                      Case No. 24-cv-1029-bhl

TONIA ROZMARYNOSKI et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Vonell Lavell Shaw, who is confined at the Green Bay Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. He is proceeding on Eighth Amendment claims based on allegations that Defendants Tonia Rozmarynoski and Peyton Einerson did not stop him from repeatedly banging his head against his cell door window. On April 7, 2025, Defendants moved for partial summary judgment on exhaustion grounds. Dkt. No. 23. Defendants argue that Shaw failed to exhaust his administrative remedies on his claim against Einerson because the relevant inmate complaint stated that only Rozmarynoski was present while Shaw banged his head against his cell window. That motion is now fully briefed.

On May 16, 2025, Defendants filed a motion for sanctions requesting that the Court dismiss this action because they believed Shaw had lied to the Court and had filed a fraudulent exhibit in response to their motion for partial summary judgment on exhaustion grounds. Dkt. No. 36. About a week later, Shaw responded with a flurry of motions. He filed a motion for a preliminary injunction or a temporary restraining order asking the Court to order that he be transferred to a different prison or that Rozmarynoski have no contact with him. Dkt. No. 39. He also filed a motion for an order requiring his institution to let him keep possession of all his legal documents while he is on a paper restriction. Dkt. No. 41. And, finally, he filed a motion for an extension of

time to respond to Defendants' motion for sanctions. Dkt. No. 40. A few days later, he responded to the motion for sanctions, Dkt. No. 42, so the Court will deny his motion for an extension of time to respond as moot.

The Court will also deny Shaw's motions for a transfer to a different institution, for a no-contact order with Rozmarynoski, and for an order directing his institution to allow him to keep possession of his legal documents while he is on a paper restriction. The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Putting aside the fact that it is unlikely that the Defendants have the authority to provide Shaw with the relief he seeks, granting Shaw's request for a transfer to a different prison, for a no-contact order with Rozmarynoski, and/or for an order relieving him of disciplinary restrictions would improperly interfere with prison officials' authority to manage the institutions they oversee. Prison officials are uniquely qualified to decide where a particular prisoner should be housed, how to manage the staffing at each institution, and how to preserve safety and security at the institution. It is not this Court's job to second-guess those decisions. "The Court lacks the detailed knowledge

and expertise to make such decisions and nearly always, except in the most extreme situations, must defer to prison officials' judgment." *Hill v. Crouther-Tole*, No. 24-cv-848-bhl, 2024 WL 428201, at *3 (E.D. Wis. Sept. 25, 2024).

According to Shaw, Rozmarynoski has, among other actions, sexually harassed him, made sexual advances towards him, instructed another officer to sexually assault him, delayed delivering his legal mail by hiding it in her office, and unfairly disciplined him. Shaw does not provide a single detail to support these serious but vague allegations. He does not describe how or when Rozmarynoski allegedly harassed him, state the name of the officer who allegedly sexually assaulted him, or detail how or when the assault allegedly occurred. If Shaw believes that Rozmarynoski is engaging in misconduct, he is encouraged to take advantage of the grievance system. If he is not satisfied with the results of that process, he may file a lawsuit. Shaw is reminded that he will be required to pay the filing fee for every lawsuit he files. He also is reminded that making false statements about an officer, particularly statements of this nature, is a serious offense.

Given that Shaw's motions for injunctive relief do not involve the rare scenario where Court intervention in the day-to-day management of the prison is necessary or appropriate, the Court will deny his motions for injunctive relief.

**IT IS THEREFORE ORDERED** that Shaw's motion for a preliminary injunction and/or temporary restraining order (Dkt. No. 39) and his motion for an order to lift his disciplinary restrictions (Dkt. No. 41) are **DENIED** and his motion for an extension of time (Dkt. No. 40) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on June 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge