UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

VONELL LAVELL SHAW,

                Plaintiff,

v.                                                                      Case No. 24-cv-1029-bhl

TONIA ROZMARYNOSKI et al.,

                Defendants.

---

## DECISION AND ORDER

---

Plaintiff Vonell Lavell Shaw, who is incarcerated at the Green Bay Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. Shaw is proceeding on an Eighth Amendment claim based on allegations that Defendants Tonia Rozmarynoski and Peyton Einerson disregarded the serious risk of harm that Shaw posed to himself. Dkt. No. 15. On April 7, 2025, Defendants filed a motion for partial summary judgment, challenging Shaw's claims against Einerson only on the ground that Shaw failed to exhaust the available administrative remedies on that claim before he filed this lawsuit. Dkt. No. 23. For the reasons explained below, the Court will grant Defendants' motion and dismiss Shaw's claim against Einerson without prejudice.

### BACKGROUND

At the relevant time, Shaw was incarcerated at the Green Bay Correctional Institution, where Defendants worked as corrections officers. Shaw filed an inmate complaint on July 11, 2024, asserting that Rozmarynoski watched him hit his head against his cell window and walked away without trying to stop him. Shaw also stated that he had asked Rozmarynoski if she cared that he was hitting his head against the cell window and that she responded that she did not. The

inmate complaint does not mention Einerson or any other staff member being present. Dkt. Nos. 25 at 1-8.

According to Shaw, he prepared a separate inmate complaint complaining that Einerson had also disregarded his safety when he did nothing to stop Shaw from banging his head against his window. Shaw explains that, rather than submitting the inmate complaint to the institution complaint examiner, he mailed the inmate complaint directly to the Office of the Secretary for the Department of Corrections. Dkt. No. 28 at ¶¶3-4.

Following an investigation, the institution complaint examiner recommended dismissing the inmate complaint involving Rozmarynoski, and the reviewing authority accepted the recommendation and dismissed the inmate complaint. Shaw appealed the dismissal to the Complaint Corrections Examiner. In his appeal he stated that Rozmarynoski was the only one present during the incident and no one else was there to hear her allegedly dismissive comment. Shaw did not mention in his appeal that Einerson or any other staff member was present. The Secretary affirmed the dismissal of the inmate complaint. Dkt. Nos. 25, 28 at ¶¶9-12.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than

simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Shaw was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Wisconsin has established the Inmate Complaint Review System to allow inmates to file complaints about policies, rules, living conditions, and staff actions at their institutions. Wis. Admin. Code DOC §310.06. Under §310.07, if an inmate is unable to informally resolve his issue, he may file an inmate complaint with the institution complaint examiner within fourteen calendar days of the incident. §310.07(2). The inmate complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." §310.07(5)–(6). Although an inmate "need not lay out the facts, articulate legal theories, or demand particular relief," the inmate complaint must "alert[] the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).

Defendants are entitled to summary judgment on Shaw's claim against Einerson because Shaw did not comply with Wisconsin's procedures for filing an inmate complaint in connection

3

with his claim that Einerson was deliberately indifferent to Shaw's acts of self-harm. Section 310.07(8) states that "[a]n inmate shall submit a signed complaint by placing it in a receptacle designated for complaints or by submitting it to the ICE office through institution or USPS mail." Shaw concedes that he did not submit an inmate complaint about Einerson's actions to the institution complaint examiner's office but instead mailed the inmate complaint directly to the Office of the Secretary.[1] Further, the only inmate complaint he properly submitted makes no mention of Einerson or any other officer being present during Shaw's alleged interaction with Rozmarynoski. Accordingly, the only inmate complaint that he properly submitted did not "contain sufficient information for the department to investigate and decide" Shaw's claim against Einerson, as required by §310.07(6). Because Shaw did not strictly comply with the procedures or provide the institution of notice of his claim against Einerson, Shaw's claim against Einerson must be dismissed without prejudice based on Shaw's failure to exhaust the administrative remedies.

## OTHER MATTERS

On May 16, 2025, Defendants filed a motion for sanctions arguing that Shaw had filed demonstrably false documents and a fraudulent exhibit in an attempt to thwart Defendants' summary judgment motion. Dkt. No. 36. After Shaw responded to the motion, Defendants emphasized that Shaw's version of events "strains credulity," but they conceded that because his version is possible, "that likely precludes the Court granting Defendants' motion for sanctions." Dkt. No. 47.

---

[1] Shaw asserts that he sent his inmate complaint about Einerson to the Office of the Secretary as permitted by "Wisconsin Statute 301.29.03," but no such statute exists, and Shaw does not include the text of whatever provision he purportedly relied on, so he has not shown that he complied with the grievance procedures.

Defendants are correct that their failure to prove that Shaw filed false documents and a fraudulent exhibit means that they have not carried their burden. Accordingly, the Court must deny their motion for sanctions.

Finally, on June 20, 2025, Shaw filed a motion for mediation. In the Court's experience, mediation is successful only when both parties agree that settlement is possible. Accordingly, the Court will deny Shaw's motion, which he filed without Defendants' agreement. If at any time both parties agree that mediation may be beneficial in helping to resolve this case, they may file a joint motion asking the Court to refer the case to a magistrate judge for mediation.

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 23) is **GRANTED** and Shaw's claim against Einerson is **DISMISSED without prejudice**. The clerk's office is directed to terminate Einerson from this action.

**IT IS FURTHER ORDERED** that Defendants' motion for sanctions (Dkt. No. 36) and Shaw's motion for mediation (Dkt. No. 48) are **DENIED**.

**IT IS FURTHER ORDERED** that the stay on discovery is **LIFTED**. The parties must complete discovery by **October 20, 2025**. Dispositive motions on the merits of Shaw's claim against Rozmarynoski are due by **November 19, 2025**.

Dated at Milwaukee, Wisconsin on July 24, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge